## POTKA et al. v. POTKA et al.
### No. 2612.

Court of Civil Appeals of Texas. Waco.
May 22, 1947.

Rehearing Denied Oct. 16, 1947.

J. W. Spivey, of Waco, Robt. D. Peterson, of Marlin, for appellants.

William T. Curry, of Marlin, for appellees.

LESTER, Chief Justice.

On February 4, 1941, Mrs. Mary Okolek and Mrs. Katie Spider Biko brought this suit in the nature of a trespass to try title against Joe Potka, individually and as executor of the estate of Mrs. Annie Potka, deceased, Stash Potka, Mrs. Josie Hortsch, Henry Potka and Antone Wilganowski, and certain other heirs of Nick and Annie Potka. The record in this case discloses the following:

Nick Potka died intestate prior to 1918. His wife, Mrs. Annie Potka, and seven children survived him. At the time of his death the community property consisted of a 159 acre farm in Falls county and a lot with two houses situated thereon in the city of Marlin.

On April 23, 1918, Mrs. Annie Potka executed a deed to her daughters, Mrs. Mary Okolek, Mrs. Kate Spider and Mrs. Josie Hortsch, in which she conveyed to them her undivided one-half interest in the 159 acre farm, reserving only a life estate therein. This deed was recorded in the deed records of Falls county on April 25, 1918.

On August 17, 1932, a partition suit was filed against Henry Potka, seeking to partition the 159 acre farm, in which the mother, Mrs. Annie Potka, and Mrs. Mary Potka Okolek, Mrs. Kate Spider, now Mrs. Kate Biko, and all the rest of the children except Henry Potka, were listed as plaintiffs. Said petition alleged that the mother, Mrs. Annie Potka, owned an undivided one-half interest in the entire tract; that each of the children, including Mrs. Mary Potka Okolek, Mrs. Kate Spider and Mrs. Josie Hortsch, owned an undivided $\frac{1}{12}$ interest in said tract, said interest representing the part the three daughters were entitled to as heirs of their deceased father. The petition was wholly silent in respect to the 1918 deed or the interest the three daughters had acquired under

the same. On September 24, 1932, the court entered its order decreeing that Mrs. Annie Potka owned an undivided ½ interest in said tract and that the children each owned an undivided ¼₄ interest, ordered the land partitioned and appointed commissioners to make the partition, which duty they performed by dividing the land into nine separate tracts. A tract was awarded to the mother, Mrs. Annie Potka, a tract was set aside to each of the surviving six children, and a tract to each of the two children of Mike Potka, deceased. Each tract was properly described by metes and bounds. On the 29th day of October, 1932, the report of the commissioners was by the court approved and confirmed.

On December 3, 1937, Mrs. Annie Potka executed a will, in which she bequeathed all of her property to Mrs. Josie Hortsch, Joe Potka and Stash Potka. On January 31, 1939, Mrs. Annie Potka died and her will was admitted to probate and on February 6, 1939, Joe Potka qualified as executor of her estate.

On August 28, 1939, Joe Potka, Louise Potka, Stash Potka and Mrs. Josie Hortsch conveyed by warranty deed the 79.75 acres that had been awarded to Mrs. Annie Potka in the 1932 partition suit, to Antone Wilganowski.

The attorney who filed the partition suit had no actual knowledge of the 1918 deed, and in fact only two of the children had any actual knowledge of its existence. The farm being community property, the suit was instituted and carried through on the theory that Mrs. Potka was the owner of an undivided ½ interest as community survivor and each of the children were the owners of a ⅐ undivided interest in their father's half.

At the conclusion of the evidence the court withdrew the case against Wilganowski and rendered judgment in his favor. Appellants say that such action on the part of the court was error; that the 1918 deed from their mother, being of record, was irrebuttable notice to Wilganowski of the interest of the plaintiffs in the 79.75 acre tract.

■ It is a well-settled rule of law that a deed, properly executed, acknowledged and recorded in the deed records of the county in which the land is situated, is notice to any and all subsequent purchasers and creditors of its existence and of the rights which it secures, and any person dealing with said property contrary to said instrument does so at his peril. Article 6646, Vernon's Ann.Civ.Stats.; 36 Tex. Jur., sec. 44, p. 463. Appellants having their deed duly recorded in the deed records of Falls county, it was notice to Wilganowski of the appellants' ownership of said land and would operate to prevent him from becoming an innocent purchaser, unless the partition judgment of 1932 has intervened in his favor and against the appellants.

■ Appellants denying having any knowledge or information of the filing of the partition suit and say that they did not consent to its being filed. The first issue the court submitted was: "Do you find from a preponderance of the evidence that Mrs. Mary Okolek did not consent for the partition suit of 1932, styled Mrs. Annie Potka et al. v. Henry Potka, being No. 11078, to be filed in the district court of Falls county, Texas?" To which the jury answered that she did consent. Issue No. 2 was in the same form in respect to the consent of Mrs. Kate Biko, and the jury found that she consented to the filing of said suit. So that this contention of appellants has been foreclosed against them by the jury.

■ Appellants having consented to the filing of the partition suit, it was their duty to assert their superior title to said land in said suit, and since they failed to do so and permitted judgment to be entered and become final, in which their mother was found to be the owner of one-half of said property, and since the rights of a third party have intervened, they are now estopped and have waived any right or claim that they had under the 1918 deed. De La Vega v. League, 64 Tex. 205, 217; 26 Tex.Jur., pp. 208, 311, sec. 494; Richardson v. Trout, Tex.Civ.App., 135 S.W. 677, 678, writ refused; Dean v. Dean, Tex. Civ.App., 165 S.W. 90, 92; Shook v. Shook, Tex.Civ.App., 145 S.W. 699, 703, writ refused; Layne v. Layne, 177 Ky. 592, 197 S.W. 1062; Crow v. Van Ness, Tex.Civ.

App., 232 S.W. 539; Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571.

Article 6083, Vernon's Civil Statutes, provides that a joint owner or claimant may file his petition in the district court of the county in which the real estate, or any part thereof, sought to be partitioned, is situated, which petition shall state: (1) the name and residence, if known, of each of the other joint owners, or joint claimants of such property; (2) the share or interest which the plaintiff and the other joint owners, or joint claimants, of same own or claim so far as known to the plaintiff; and (3) that the land sought to be partitioned shall be properly described.

Civil Procedure Rule 760 provides that upon the hearing of the cause the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise.

Rule 761 provides for the appointment of commissioners, and Article 6100 provides that the decree of the court confirming the report of the commissioners in partition, when a partition has been made, shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs, executors, administrators or assigns, as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them.

■ When Wilganowski purchased the land in question his chain of title disclosed: first, a petition for partition filed subsequent to the 1918 deed, in which appellants appeared as plaintiffs, alleging that their mother was the owner of an undivided ½ interest in said land and appellants were each the owners of an undivided ½2 interest therein; second, a decree of the court finding that the interest of the mother was an undivided ½ and that appellants were each the owners of an undivided ¼ interest, and appointing commissioners; third, the report of the commissioners, in which they set aside to the mother 79.75 acres and to each of appellants 11.63 acres, each tract being properly described by metes and bounds; and fourth, the order of the court approving and confirming the report of the commissioners, same being in part as follows: "It is further ordered by the court that the title shall be and is hereby vested in each party to whom a share has been allotted, to such share or portion of said property as set apart to him by said commissioners in said report, as against the other parties to this suit, his heirs, executors, administrators or assigns, as fully and effectually as the deed of such party could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other party."

The proceedings in the partition suit complied with the foregoing quoted articles of the statute, and being regular in every respect, and being subsequent to the 1918 deed, and Wilganowski having no notice of the claims of appellants except through the 1918 recorded deed, he was justified in relying upon the judgment in the partition suit when he purchased the land, and is therefore an innocent purchaser for value.

■■ Appellees say that "if appellants ever had a right to set aside the 1932 partition judgment because of unauthorized appearance of counsel therein in their behalf, that right was barred by laches and limitation before this suit was filed." A suit in equity to vacate a judgment by reason of fraud, accident or mistake must be brought within four years from the time the fraud, accident or mistake is discovered, or from the time it might have been discovered by the use of reasonable diligence. Article 5529, Vernon's Ann.Civ. Stats.; Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095; Whitehurst v Estes, Tex. Civ.App., 185 S.W.2d 154, writ refused; Williams v. Coleman-Fulton Pasture Co., Tex.Civ.App., 157 S.W.2d 995, 997, writ refused; Garza v. Kenedy, Tex.Com.App., 299 S.W. 231. The final order in the partition proceeding was entered on October 29, 1932, and appellants filed this suit on February 4, 1941, more than eight years after the rendition of the judgment which they now seek to set aside. Appellants having consented to and authorized the

filing of the partition suit that involved property in which they were vitally interested, it was their duty to exercise reasonable diligence to keep informed of the nature, progress and final determination of the proceeding; and to wait eight years after the final judgment had been entered to find out what disposition was made of the same shows a lack of any diligence whatever on their behalf and by reason of such laches the right to recover in this cause is barred by the four year statute of limitation.

 Appellants sued Joe Potka, who qualified as independent executor of his mother's estate, for the reasonable rental value of the city property. The court asked the jury what was the reasonable cash rental value per month of the city property for the years 1939 to 1943, inclusive, and the jury found that $32.50 per month was its rental value, which included the rental value of both houses. The court rendered judgment for appellants against Joe Potka based upon $8 per month for each month during those years, less a 1/44 interest that Joe had in the rents as a cotenant. Mrs. Josie Hortsch, who owned a 1/3 interest of her mother's half and a 1/7 interest of her deceased father's half, lived in the large house with her mother during her lifetime and continued to occupy the house after her mother's death and has paid no rent for the use of the same. Joe rented out the smaller house and collected the rent on it, but testified that he did not know how much rent he had collected on the house for the year 1939. The record fails to reveal that any question was propounded to him as to the entire amount of rent he had collected for said house. By the 1918 deed the mother conveyed to her three daughters all of her interest in the city property save and except a life estate. When she died her interest in said property ceased and her children and their heirs immediately became cotenants in the same and there was no estate of the mother to be administered as far as the city property was concerned. Mrs. Josie Hortsch being a cotenant with the appellants and the rest of the defendants, and not paying any rent to Joe Potka, he would not be liable to appellants for the reasonable rental value of the house Mrs. Hortsch was occupying as a cotenant. While he testified that he took charge of the city property as administrator, there is no evidence that any of the other cotenants requested the use of said property or made any objection, and there is no testimony that Joe acted in a hostile manner toward them or exerted control over the property to the exclusion of any of the others. It is held in 11 Tex.Jur., sec. 39, p. 462, as follows: "It has repeatedly appeared in this discussion of the law of cotenancy that such joint owner is entitled alike to the possession of the common property rent free. It does not follow, however, that he will never be liable for rents or hire even upon his own possession. Where he ousts the other cotenants, or, what is the same thing, openly repudiates the cotenancy, he becomes liable for hire or rent of the property to the extent of their interests."

It is further held: "Again, a distinction must be drawn between rentals for his own use and rentals received from others to whom the property has been let. The latter are in the nature of profits received beyond the permitted personal occupancy and use, for which the tenant so receiving must account proportionately to the other cotenants." See authorities there cited.

 The only evidence as to the rental value of the city property was the testimony of Henry Potka, who testified that the rental value of the little house would be from $8 to $12.50 per month and of the large house around $20 per month. The court, when it entered its judgment, evidently believed that Mrs. Josie Hortsch, being a cotenant, was entitled to occupy the large house rent free and that under the circumstances Joe should not be charged with the reasonable rental value of said house. With such action on the part of the court we are in accord. Joe Potka is liable to his cotenants in proportion to their interest in said property for the rents he has collected on the little house. Since there was no finding by the jury as to the reasonable rental value of the smaller house, that portion of the trial court's judgment will have to be reversed. Joe should know better than anyone else the

amount of rents he has collected, and if he makes a fair account of the amount he has actually collected, that would be the extent of his liability, less his ¼₄ interest in such amount, unless he has usurped said property to the exclusion of the others and repudiated the cotenancy or failed to fairly reveal the amount of rent collected by him. Then, in either event, he would be liable to the other cotenants according to their proportionate interest, for the reasonable rental value of the little house.

We have considered the other assignments of appellants and they are overruled.

The judgment of the trial court is affirmed in all respects except that portion thereof pertaining to the rent on the smaller house, which is hereby reversed and remanded.