**Newt Hatcher SCOTT and Linda Lee Scott, Appellants,**

v.

**Charles Keener SCRUGGS, Appellee.**

**No. 6–91–038–CV.**

Court of Appeals of Texas, Texarkana.

July 21, 1992.

Newt Hatcher Scott, Linda Lee Scott, pro se.

Patrick Reilly, Galveston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is a suit for partition of real estate in which, after a jury trial, judgment was rendered ordering the property sold and the proceeds divided. In seven points of error, Scott challenges the trial court's evidentiary rulings, the jury charge, and the sufficiency of the evidence. We will affirm the judgment.

In December 1981, Newt Scott and his wife executed an earnest money contract to purchase a bay front parcel in Galveston. Before closing the purchase, the Scotts and Scruggs orally agreed to jointly acquire the land. The purchase was effected in January 1982, with the deed reciting that the Scotts and Scruggs each owned an undivided one-half interest. All parties joined in executing a promissory note for part of the purchase price. The parties' purpose in acquiring the land was to construct a pier and have a place to moor their sailboats. They orally agreed to share the cost of the pier equally. The Scotts apparently felt that costs included the value of their personal labor, but Scruggs disagreed. Scott began constructing the pier, and in September 1982, presented a bill to Scruggs that included almost $11,000.00 for 365 hours of labor by Scott at $30.00 per hour. Scruggs never went back to the land after this time, and in November 1982, the Scotts filed suit against him. Scruggs continued to make payments on the land note until September 1983.

In their suit, the Scotts alleged breach of contract as well as breach of fiduciary duty, and requested partition of the property. They also requested the court to order Scruggs to pay the rest of the note and sought punitive damages.

The jury found that a contract existed, but did not award money damages. They did award the Scotts a disproportionate share of the property—75%—apparently on the theory that Scruggs was liable to the Scotts for payments and improvements amounting to 25% of the property's value. The jury also found that the land was not susceptible to partition in kind. The court entered final judgment ordering the property sold and awarding the proceeds in the percentages determined by the jury.

Scott first asserts that the trial court improperly admitted evidence that the Scotts did not pay rent to Scruggs while living on the property. He contends that this evidence erroneously implied to the jury that they were required to pay rent.

On redirect examination of Scruggs, the following occurred:

Q. Did the Scotts ever pay you any rent for their use or occupancy of the property from January of 1982 to the present?

MR. IZEN: I object to the form of the question.

THE COURT: Objection overruled.

A. They never offered to pay me for rent or rental income that was received.

■■■ We note that Scott's counsel only objected to the "form" of the question. There are several ways in which the form of a question may be objectionable. *See* Bush, *Common Objections To the Form of Questions*, 47 Tex.B.J. 996 (1984); 5 W. DORSANEO, TEXAS LITIGATION GUIDE § 121.-101 (1991). For example, a question may be leading, confusing, argumentative, compound, narrative, vague, or request an open-ended answer. However, an objection merely to the "form" of a question, without specifying the precise grounds, may be considered a general objection that does not preserve error. *See, e.g., In re McElheney*, 705 S.W.2d 161, 163 (Tex. App.—Texarkana 1985, no writ); TEX.R.CIV. EVID. 103(a)(1); TEX.R.APP.P. 52(a); 1 R. RAY, LAW OF EVIDENCE CIVIL AND CRIMINAL § 25 (Texas Practice 3d ed. 1980); K. Dubose, *Preservation of Error at Trial (Excluding Charge Conference)*, STATE BAR OF TEXAS, 4 ADVANCED CIVIL TRIAL COURSE II–6 (1991). The form of the question here does not appear to be objectionable. *See* Bush, *supra.* Moreover, Scott's brief on appeal contends only that the question was improper because "it assumed that the Scotts had an obligation to pay rent." This ground was not raised in the trial court and

may not be considered for the first time on appeal. TEX.R.APP.P. 52(a); 4 TEX.JUR.3D *Appellate Review* § 97 (1980); R. RAY, *supra.*

Even if the substance of this contention is considered, it is without merit. An offset for use value may be allowed where an occupying tenant in common seeks equitable contribution from other co-tenants for funds expended to benefit the common estate. *Roberts v. Roberts,* 136 Tex. 255, 150 S.W.2d 236, 238 (1941); *Rucker v. Butcher,* 300 S.W.2d 183, 185 (Tex. Civ.App.—Fort Worth 1957, no writ); 12 W. DORSANEO & L. KNIPPA, TEXAS LITIGATION GUIDE § 284.05[5] (1991). The Scotts sought to recover for the labor and materials they put into the property. As occupying tenants, they benefitted from their use of the property. Equity may justify an offset in this situation.

Scott next contends that the jury's failure to find damages was against the great weight and preponderance of the evidence. Initially, we question whether Scott has preserved error in this regard. The motion for new trial asserted that "[t]he failure of the jury to award a cash settlement in special issue no. 4, when they found there was a breach of contract is against the great weight and preponderance of evidence." Question Number 5, not Question Number 4, dealt with damages. A ground of error may not be raised for the first time on appeal. TEX.R.APP.P. 52(a). Moreover, Scott's brief is directed more toward the contract's existence, breach, and producing cause issues than it is toward damages. In addition, the discussion under this point of error does not sufficiently reference the record with regard to any of the contentions. TEX.R.APP.P. 74(d).

Addressing the merits, nevertheless, we must examine all of the evidence to determine if the failure to find is clearly wrong and manifestly unjust. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 651 (Tex.1988); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). We will reverse and remand only if the great weight of the evidence supports an affirmative finding, rather than the failure to find. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988).

Scott relies on *Coffey v. Young,* 704 S.W.2d 591 (Tex.App.—Fort Worth 1986, no writ), in which the jury answered all questions necessary for recovery, including producing cause, in favor of the appellant. A factual sufficiency challenge to the amount of damages was sustained because the jury award was much less than the evidence clearly established. *Id.* at 594–95. The jury here did not find in Scott's favor on the producing cause issue. Indeed, we question whether the jury actually concluded that Scruggs breached the contract.

Question Number 3, following definitions for "contract" and "breach of contract," asked:

> Do you find from a preponderance of the evidence that the Defendant, Charles Scruggs, entered into a contract or contracts with the Plaintiffs, Scotts:
>
> Answer "Yes" or "No" as to a, b, c and d below:

All answers were "Yes".

Question Number 4, following a definition of "producing cause," asked:

> Do you find from a preponderance of the evidence that a breach of contract so found by you in Question No. 3 was a producing cause, if any, of damage which adversely affected the Plaintiffs?
>
> Answer "Yes" or "No" as to a, b, c and d below:

All answers were "No".

The jury answered Question Number 4 in the negative and so did not answer the damages question.

Question Number 4 appears to assume the jury found a breach of contract by its affirmative answer to Question Number 3, although breach was not part of that question. The answer to Question Number 4 implies either that no breach was found or that a breach was found but was not a producing cause.

Where one question on a necessary ground of recovery or defense is omitted without objection or request, that element

will be deemed found in support of the judgment if supported by evidence and if the trial court does not file written findings. TEX.R.CIV.P. 279. Scott submitted questions on breach of fiduciary duty, but he did not submit a question on breach of contract.[1] Although requested to do so, the trial court did not make written findings on this omitted element. Therefore, we deem the omitted element was found by the court in such manner as to support the judgment if supported by evidence. TEX. R.CIV.P. 279.

■ The evidence does support the jury's negative answer on producing cause. The gist of Scott's argument is that he and his wife spent time and money on improving the land, but since Scruggs did not pay what they considered was his share, he should forfeit his title and pay damages also. However, Scott points to no evidence that Scruggs' breach caused any *additional* expenses. The evidence shows that the Scotts kept incurring expenses after Scruggs refused to pay. The damages question referred to damages *adversely affecting* the Scotts. The expenses incurred enhanced the value of the property, which enhanced the value of the Scotts' interest. Thus, the jury could properly have found that this did not adversely affect the Scotts.

■ Scott also alleges that the trial court abused its discretion in failing to give Scott's requested charge and jury questions on breach of fiduciary duty. Scott apparently bases this contention on his assertion that cotenants owe each other a fiduciary duty with respect to their dealing with common property. He cites no authority to support this proposition. Fiduciary or confidential relationships may arise formally from technical fiduciary relationships, or informally from purely personal relationships. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962); *Lovell v. Western National Life Ins. Co.*, 754 S.W.2d 298, 303 (Tex.App.—Amarillo 1988, writ denied). Absent a special relationship, there is no fiduciary obligation owed by one co-

tenant to the others. *Horlock v. Horlock*, 614 S.W.2d 478, 485 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Hamman v. Ritchie*, 547 S.W.2d 698, 706 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.); *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607 (Tex.Civ.App.—El Paso 1966), *writ ref'd n.r.e. per curiam*, 413 S.W.2d 387 (Tex.1967); W. BURBY, HANDBOOK ON THE LAW OF REAL PROPERTY § 99 (3d ed. 1965). There is an obligation to act in a manner that is not detrimental to the other cotenant's ownership and enjoyment of the property. 16 TEX.JUR.3D *Cotenancy and Joint Ownership* § 9 (1981). There is no evidence of a special relationship of trust and confidence that would be sufficient to create a fiduciary relationship. While the testimony as a whole may show that the Scotts initially trusted Scruggs to perform on his contractual obligations, mere subjective trust alone is not enough to transform an arms-length dealing into a fiduciary relationship. *Thigpen v. Locke*, 363 S.W.2d at 253. Furthermore, the contract here was an oral agreement that contained no express term creating a fiduciary relationship. Without evidence that a fiduciary relationship existed, Scott was not entitled to these requested jury questions. TEX. R.CIV.P. 278.

■ Scott next asserts that the trial court erred in failing to properly instruct the jury concerning the law of partition. He contends that the court should have instructed the jury that Texas law favors partition in kind over partition by sale, *citing Robertson v. Robertson*, 425 S.W.2d 707 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). The failure to submit a definition or instruction is not reversible error unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining about the judgment. TEX.R.CIV.P. 278. Scott directs our attention to an exhibit attached to his motion for new trial. He claims this exhibit was tendered to the judge, but was neither approved nor marked refused. While the record contains

---

1. Scott's motion for new trial includes a special issue on breach of contract. This issue was not

marked refused by the trial court and is not the subject of any complaints on appeal.

issues and definitions which were refused by the judge, it does not reflect that the questions and instructions complained of were ever submitted to the court. Scott's failure to submit the requested instructions leaves this Court with nothing to review on appeal. TEX.R.CIV.P. 273, 274, 276, 278; *see also* W. Wendell Hall, *Standards of Appellate Review in Civil Appeals,* 21 ST. MARY'S L.J. 865, 896 (1990).

 Scott contends that Scruggs was not entitled to any relief because he did not come into court with clean hands.

> [The clean hands doctrine] assumes that *the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him all recognition and relief* with reference to the subject-matter or transaction in question. It says that whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him....

2 J. POMEROY, A TREATISE ON EQUITY JURISPRUDENCE § 397 (S. Symons 5th ed. 1941). Scott, being the plaintiff, cannot invoke this doctrine against the adversary he has brought to court.

 Scott further asserts that the trial court erred in denying admission of a tape-recorded conversation he had with Scruggs. He contends this conversation evidences Scruggs' agreement to reimburse him for time spent on the dock and an agreement to divide the property. Scott does not direct us to any offer of proof concerning this recorded conversation, which was apparently the subject of objections made and sustained off the record. By failing to provide this Court with a record showing an objection, ruling, or offer of proof, Scott has failed to preserve his complaint for appellate review. TEX.R.APP.P. 52(a), (b). Moreover, there is ample evidence in the record that the parties had so agreed.

 Scott next asserts that the court erred in not considering any special issues submitted by Scott, *pro se.* He contends that he was not allowed any input on issues raised in the pleadings and supported by evidence. The record of the charge conference reveals that Scott joined counsel in several objections and provided additional authority to the court on two of these objections. Furthermore, as discussed above, the transcript does not include any of the issues that Scott allegedly submitted to the court. This contention is without merit.

The judgment of the trial court is affirmed.