MEMORANDUM OPINION



No. 04- 05-00905-CV



Emma CASSO; Elvia Laurel; and Ramiro R. Casso, M.D.;

Appellants


v.

David Lee FULLERTON,

Appellee

From the 45th Judicial District Court, Bexar County, Texas 

Trial Court No. 2005-CI-04827

Honorable Janet P. Littlejohn , Judge Presiding (1)



Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: September 13, 2006



REVERSED AND RENDERED



 This is an appeal from a judgment of partition. We reverse and render.

BACKGROUND

 Gloria and Lee Fullerton were married and owned a home on Breeds Hill Drive in San Antonio, Texas. Although Gloria
and Lee had no children of their own, Lee had a son from a previous marriage, David Lee Fullerton. In 1985, Lee died
leaving a will that was never probated. In 1991, Gloria filed suit ("Lee's heirship case") to obtain a judicial determination
that she and David were Lee's heirs. On December 9, 1991, the probate court signed an order stating that Gloria and David
were Lee's heirs and that Gloria had a one-half interest "in the total community estate of [Lee]" and David had a one-half
interest "in the estate of [Lee]." (2) In 2001, Gloria died intestate, and her heirs were her sisters, Emma Casso and Elvia
Laurel. Following Gloria's death and until 2005, Emma Casso and her husband, Ramiro Casso, used their personal funds to
preserve the Breeds Hill property. Because neither the Cassos nor Elvia live in San Antonio, they allowed Mr. and Mrs.
Dan Jerry to live in the house, rent-free, for the purpose of reducing the risk of vandalism and to maintain the property.

 After receiving authorization from the probate court, Emma and Elvia offered the Breeds Hill house for sale, and
subsequently entered into a sales contract with a potential buyer. While preparing the closing documents, the title company
discovered Lee's heirship case, which was, apparently, unknown to Emma and Elvia. In 2005, Emma and Elvia sued David
in district court to quiet title to the Breeds Hill property, and asserting claims for equitable subrogation for the funds
expended to preserve the property and for seventy-five percent of the net sale proceeds remaining after the payment on their
subrogation claim. Ramiro intervened, asserting with his wife a joint right to equitable subrogation for the funds expended
to preserve the property. David answered and counterclaimed for partition and his share of the reasonable rental value of
the property. 

 During the pendency of this case, all parties entered into a Rule 11 agreement acknowledging the validity of the December
9, 1991 order in Lee's heirship case. Also during the pendency of the case, the parties agreed to allow the sale of the house
to go forward, and that the proceeds from the sale would be deposited into the registry of the court pending resolution of
this lawsuit.

 Following a hearing, the trial court ordered, inter alia: partition of the property, that David receive fair rental value in the
amount of $6400, that Emma be reimbursed for a portion of the amounts she paid for the mortgage and maintenance of the
house, and that Ramiro take nothing on his subrogation claim. Emma, Ramiro, and Elvia appeal.

FAIR RENTAL VALUE 

In their first and second issues, appellants assert the trial court erred in awarding David $6400 in compensation for the fair
rental value of the property. Appellants first argue the trial court erred because they were under no duty (3) to rent the house
for David's benefit and they did not receive any rental payments in connection with their exercise of control over the
property. 

 A tenancy-in-common gives any cotenant the right to possession of the property in which he or she owns an interest. Todd
v. Bruner, 365 S.W.2d 155, 160 (Tex. 1963). A cotenant who occupies joint property is not required to account for the value
of its use unless there is an ouster or denial of use to other cotenants. Potka v. Potka, 205 S.W.2d 51, 55 (Tex. Civ.
App.--Waco 1947, writ ref'd n.r.e.). A tenant-in-common may use jointly-owned property without liability for its rental
value. Eddings v. Black, 602 S.W.2d 353, 358 (Tex. Civ. App.--El Paso 1980), writ ref'd n.r.e., 615 S.W.2d 168 (Tex.
1981) (per curiam). However, if the tenant in possession rents the property to a third person, he or she must account to the
other cotenant for the proceeds because, under these circumstances, the proceeds are profits received beyond the permitted
personal occupancy and use. Potka, 205 S.W.2d at 55; see also Trevino v. Trevino, 64 S.W.3d 166, 174 (Tex. App.--San
Antonio 2001, no pet.) (holding that cotenants are required to share income generated from property held in common). 
Also, a cotenant must act in a manner that is not detrimental to the other cotenant's ownership and enjoyment of the
property. Scott v. Scruggs, 836 S.W.2d 278, 282 (Tex. App.--Texarkana 1992, writ denied).

 Here, appellants did not oust or deny David use of the property and they did not receive any rental income from the Jerrys'
occupation of the house. The appellants had no duty to collect rent because a contenant is under no obligation to rent
jointly-owned property. See Eddings, 602 S.W.2d at 358. Accordingly, the trial court erred in concluding that Emma and
Elvia failed to use reasonable care by allowing the house to be occupied rent-free and that David suffered a loss. Because
the trial court erred in awarding David compensation for the fair rental value of the house, we do not address appellants'
complaint that the evidence is insufficient to support the award.

REIMBURSEMENT CLAIM

 In her petition, Emma Casso alleged "in order to prevent a foreclosure sale of the Property, and in order to maintain the
property, [she] and her husband, Ramiro Casso, M.D., expended not less that $37,200, and therefore [she] jointly with her
husband has an equitable subrogation claim against the Property...." Emma asked that both she and her husband "be paid
fully in satisfaction of their equitable subrogation claims...." In his plea in intervention, Ramiro made a similar contention
and request. Ramiro prayed that the court render judgment that he, "together with Plaintiff Casso, has an equitable
subrogation interest ...." On appeal, the Cassos jointly request reimbursement. Therefore, it is clear from reading both
pleadings together that Emma and Ramiro joined in their request for reimbursement of the monies Emma, as cotenant,
expended on the house. See Tex. R. Civ. P. 45 ("All pleadings shall be construed so as to do substantial justice.").

 The duty to preserve common property rests on all of the tenants in common. Gonzalez v. Gonzalez, 552 S.W.2d 175, 181
(Tex. Civ. App.--Corpus Christi 1977, writ ref'd n.r.e.) Because the care, maintenance, upkeep, and preservation of the
property rests upon the owners collectively, a cotenant in real property, who incurs certain necessary expenses in the actual
preservation of that property and the valuation thereof, is entitled to reimbursement from the other cotenant. Smith v. Smith,
777 S.W.2d 798, 800 (Tex. App.--Beaumont 1989, no writ); Gonzalez, 552 S.W.2d at 181;Poenisch v. Quarnstrom, 386
S.W.2d 594, 597-98 (Tex. Civ. App.--San Antonio 1965, writ ref'd n. r. e.).

 Here, there is no dispute that, of the three cotenants, only Emma (and her husband) paid the expenses associated with the
house. There is no dispute that the source of the monies used to pay these expenses was the Cassos' community property. 
Ramiro testified he and his wife paid the mortgage to prevent foreclosure, and paid for the maintenance to preserve the
property for a later sale. He said paying these expenses "cut into our retirement funds ... our retirement plans." At trial, the
Cassos submitted documentation establishing $34,107.76 as the amount of mortgage payments they made over the years on
the Breeds Hill property, and $5,492.95 as the amount they paid over the years to maintain and preserve the property. 

 In its judgment, the trial court determined that the interest in the property be partitioned as follows: thirty-seven percent
each to Emma and Elvia and twenty-five percent to David. Because Emma was the only cotenant to pay 100% of the
expenses associated with the property, she was entitled to reimbursement equivalent to 62.5% of the amounts paid. Instead,
the trial court awarded Emma fifty percent of the amounts paid ($17,054.03 for mortgage payments made on the property
and $2,746.48 for maintenance and repairs to the property). Therefore, the trial court erred in determining the amount of
reimbursement owed to the Cassos.

PREJUDGMENT INTEREST

 The Cassos also assert the trial court erred in denying them prejudgment interest on the mortgage and maintenance
payments made by them, arguing that their general prayer for relief supports such an award. A general prayer for relief will
support prejudgment interest based on statute or contract. Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 638 (Tex.
App.--San Antonio 1993, writ denied). However, where, as here, prejudgment interest is sought at common law as an
element of damages, the plaintiff must plead for it. Benavides v. Isles Constr. Co., 726 S.W.2d 23, 25 (Tex. 1987); Ralston
Purina, 850 S.W.2d at 638. The Cassos did not specifically plead for prejudgment interest; therefore, they waived their
right to complain on appeal. 

CONCLUSION

 We reverse that portion of the judgment awarding David Fullerton twenty-five percent of the fair rental value and render
judgment that he take nothing on his claim for the fair rental value of the house. We reverse that portion of the judgment
awarding Emma Casso $17,054.03 for the mortgage payments made by her and denying Ramiro Casso his equitable
subrogation claim. We render judgment that Emma Casso receive $21,317.35, which amount represents 62.5% of the total
mortgage payments of $34,107.76. We reverse that portion of the judgment awarding Emma Casso $2,746.48 for the
maintenance and repair payments made by her and denying Ramiro Casso his equitable subrogation claim. We render
judgment that Emma Casso receive $3,433.09, which amount represents 62.5% of the total maintenance and repair
payments of $5,492.95. We affirm the judgment in all other respects.

 

 Sandee Bryan Marion, Justice



1. The Honorable Barbara H. Nellermoe is the presiding judge of the 45th Judicial District Court. However, the
Honorable Janet Littlejohn, presiding judge of the 150th Judicial District Court, presided over the hearing and signed the
order that is at issue in this appeal.

2. No one complained at trial or on appeal about the 1991 division of Lee's estate. See Tex. Prob. Code Ann. § 45(b)
(Vernon 2003).

3. We find nothing in the record indicating there was an executor or administrator appointed to administer Gloria's estate.