

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DOLORES NARVAEZ, LUIS NARVAEZ, EDUARDO VELARDE, JOSE JUAN VELARDE, JULIETA DURAN, LUZ MAGDALENA ESCOBAR, AND JOSE ANTONIO VELARDE JUAREZ, | § § § § § | No. 08-17-00157-CV<br><br>Appeal from the<br><br>34th District Court |
| Appellants, | § | of El Paso County, Texas |
| V. | § | (TC# 2016-DCV2763) |
| DARRON POWELL, DARRON POWELL PLLC, HECTOR PHILLIPS, AND HECTOR PHILLIPS, P.C., | § § | |
| Appellees, | § | |

## **O P I N I O N**

Appellants, Dolores Narvaez, Luis Narvaez, Eduardo Velarde, Jose Juan Velarde, Julieta Duran, Luz Magdalena Escobar, and Jose Antonio Velarde Juarez, appeal from an order dismissing their suit against their former attorneys, Darron Powell, Darron Powell PLLC, Hector Phillips, and Hector Phillips, P.C. The primary issue in this case is whether the Probate Court No. 2 of El Paso County, Texas has exclusive jurisdiction of Appellants' claims. Finding that it has exclusive jurisdiction of the breach of fiduciary duty, barratry, and declaratory judgment causes of action, and ancillary jurisdiction of the legal malpractice claim, we affirm the dismissal order.

**FACTUAL SUMMARY**

Maria Luisa Sienkiewicz executed wills in 2003, 2008, and 2009. The will executed on June 5, 2003 appointed her niece, Margarita C. Rodriguez as independent executrix. The will gave 25% to Rodriguez and 9.375% each to eight other relatives, Jose Antonio Velarde Juarez, Jose Velarde Maese, Jose Juan Velarde Avila, Julieta Duran, Luz Magdalena Escobar, Manuel Candido Velarde Betancourt, Luis Robert Velarde Betancourt, and Eduardo Velarde Betancourt. Sienkiewicz executed another will on December 19, 2008 appointing Luis Narvaez as independent executor. The 2008 will revoked all wills and codicils previously made by Sienkiewicz. The will gave 10% to Eduardo Velarde Betancourt, 10% to Dolores Narvaez, and 8% each to ten other relatives, including Margarita C. Rodriguez. One year later, on December 4, 2009, Sienkiewicz executed a will appointing Luis Narvaez as independent executor. The will revoked all wills and codicils previously made by Sienkiewicz.

Four months after Sienkiewicz executed the third will, Julieta V. Duran filed an application for appointment of permanent guardian of the person and estate of Sienkiewicz. The application alleged that Sienkiewicz was incapacitated and was unable to make decisions for herself, and she had been diagnosed with Parkinson's Disease, dementia, and epilepsy. The application also asserted that Sienkiewicz had been the victim of abuse, neglect, and exploitation in San Antonio. Sienkiewicz died on January 19, 2003 leaving an estate with a value of approximately $20 million, including an 821-acre ranch in Karnes County, oil and gas interests from production on the ranch valued near $13 million, and cash and securities of approximately $6 million.

Dolores Narvaiz and Luis Narvaez hired Phillips and Powell to probate the 2009 will, and they signed a fee agreement on February 1, 2013. Appellants assert that Phillips and Powell induced Eduardo Velarde Betancourt, Jose Juan Velarde Avila, Julieta Duran, Luz Magdalena

Escobar, and Jose Antonio Velarde Juarez (referred to collectively as the El Paso Heirs) to join the application to probate the 2009 will. Consequently, the El Paso Heirs signed fee agreements with Phillips and Powell in April 2013. Pursuant to the fee agreements, Phillips and Powell would receive a contingency fee on all assets and distributions obtained from Sienkiewicz's estate for the El Paso Heirs. In February 2013, Phillips and Powell filed an application for probate of the 2009 will in the Probate Court No. 2 of El Paso County, Texas.

Margarita C. Rodriguez and Luis Roberto Velarde (the San Antonio Contestants) filed a contest on the grounds of undue influence and lack of testamentary capacity. Rodriguez also filed an application for probate of the 2003 will. In May 2014, the heirs entered into a Family Settlement Agreement under which Appellants received 51% of the Estate, which included the distribution of mineral rights and royalties and the ranch in Karnes County. The San Antonio Contestants received 45% of the Estate, Arturo Alonzo Velarde received 4%, and Daniel Velarde received 0%. Under the Family Settlement Agreement, the El Paso Heirs each received 8.5% of the estate. This was less than the 9.375% they were entitled to under the 2003 Will, but half a percent more than they would have received under the 2009 Will. After attorney's fees, the El Paso Heirs each received 5.95% of the estate.

In February 2016, Dolores Narvaez informed Powell that $510,000 in estate funds were missing. Powell requested that the estate's CPA, Randall Smith, prepare a reconciliation and accounting of all estate inheritance distributions and attorneys' fees and expenses. On April 5, 2016, Dolores Narvaez filed a *pro se* letter with the Probate Court regarding the missing funds. Powell responded by filing the CPA's reconciliation and accounting with the Probate Court. The Probate Court signed an order approving the accounting and reconciliation prepared by the CPA.

On July 21, 2016, Appellants filed suit in the 34th District Court against Powell and Phillips alleging breach of fiduciary duties and legal malpractice. In their first amended petition, Appellants set forth numerous allegations regarding breach of fiduciary duty. The suit includes allegations that Powell and Phillips prepared unconscionable fee agreements, charged and received unconscionable fees, used threats and intimidation to force Dolores Narvaez to sign a contract to sell the ranch in Karnes County so Powell and Phillips could collect a $290,700 fee, filed the accounting with the Probate Court after the clients instructed Powell not to file it, and obtained an order from the Probate Court approving the accounting after Powell's attorney-client relationship with Appellants had terminated. As a remedy for the breaches of fiduciary duty, the suit seeks damages and forfeiture of all fees received by Phillips and Powell in the past, present and future. Appellants' first amended petition also alleges that Powell and Phillips were negligent in failing to investigate and develop viable defenses in the will-contest litigation. Appellants seek damages with respect to these allegations. The suit includes a barratry claim based on an allegation that the contingency fee contracts with the El Paso Heirs were procured as a result of barratry. Pursuant to Sections 85.065 and 82.0651 of the Government Code, the El Paso Heirs[1] seek to void and rescind the plea agreements, and to recover all fees and expenses paid under the contracts, the balance of any fees and expenses paid to any other person under the contracts, actual damages, and a penalty in the amount of $10,000. Finally, the first amended petition seeks a declaratory judgment that: (1) the fee agreements are unconscionable and void, all fees obtained or sought by Phillips and Powell must be returned; (2) the conveyance of any mineral interests are canceled and those interests distributed to Appellants; (3) a constructive trust should be imposed on the mineral interests and upon any asset of Phillips and Powell purchased with fees received from the El Paso

---

[1] The barratry claim is brought exclusively by the El Paso Heirs. Dolores Narvaiz and Luis Narvaiz are not a party to the claim.

Heirs; and (4) a declaration that the fee agreements of the El Paso Heirs are void pursuant to Section 82.065 of the Government Code.

Powell filed a verified motion to dismiss the suit for lack of jurisdiction on the ground that the Probate Court No. 2 has jurisdiction of the claims. Phillips joined the motion to dismiss. Following a hearing, the trial court granted the motion to dismiss for lack of jurisdiction. Appellants challenged the dismissal order by filing a petition for writ of mandamus and notice of appeal.[2]

## SUBJECT MATTER JURISDICTION

In their sole issue, Appellants argue that the trial court erred by dismissing their case because the breach of fiduciary duty and legal malpractice claims are not probate proceedings or related to probate proceedings, and therefore, the Probate Court No. 2 does not have exclusive or dominant jurisdiction over the claims.

### Standard of Review

Whether a trial court has subject-matter jurisdiction is a question of law subject to *de novo* review. *Frost National Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010); *Texas Natural Resource Conservation Commission v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent of a plea to the jurisdiction. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 897 (Tex.App.--El Paso 2012, orig. proceeding).

A plaintiff has the burden of pleading facts which affirmatively show that the trial court has jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446

---

[2] We denied mandamus relief because Appellants' have an adequate remedy by direct appeal of the dismissal order. *See In re Dolores Narvaez, Luis Narvaez, Eduardo Velarde, Jose Juan Velarde, Julieta Duran, Luz Magdalena Escobar, and Jose Antonio Velarde Juarez,* No. 08-17-00149-CV (Tex.App.--El Paso July 13, 2018, orig. proceeding).

(Tex. 1993). In deciding a plea to the jurisdiction, the trial court must determine if the plaintiff has alleged facts that affirmatively demonstrate its jurisdiction to hear the case. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re Elamex*, 367 S.W.3d at 897. The court must construe the pleadings liberally in favor of the pleader and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228; *City of El Paso v. Marquez*, 380 S.W.3d 335, 340 (Tex.App.--El Paso 2012, no pet.). If the pleadings affirmatively negate jurisdiction, the trial court may grant the plea to the jurisdiction or the motion to dismiss without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226; *In re Elamex*, 367 S.W.3d at 897. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*. *Frost National Bank*, 315 S.W.3d at 502.

*Statutory Probate Court Jurisdiction*

The Probate Court No. 2 is a statutory probate court. A statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested. TEX.ESTATES CODE ANN. § 32.005(a)(West 2014). A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court. *Id.*

A statutory probate court has the general jurisdiction of a probate court as provided by the Estates Code, and the jurisdiction provided by law for a county court to hear and determine actions, cases, matters, or proceedings instituted under certain provisions of the Health and Safety Code. *See* TEX.GOV'T CODE ANN. § 25.0021 (West Supp. 2017). It is a court of limited jurisdiction. *See Stauffer v. Nicholson*, 438 S.W.3d 205, 213 (Tex.App.--Dallas 2014, no pet.), *citing In re United*

*Services Automobile Association*, 307 S.W.3d 299, 302-03 (Tex. 2010)(contrasting the limited jurisdiction of statutory probate courts with the general jurisdiction of district courts).

Section 32.001 of the Estates Code establishes original probate court jurisdiction:

(a) All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court.

TEX.ESTATES CODE ANN. § 32.001(a)(West 2014).

Section 31.001 of the Estates Code defines "probate proceedings" as including:

(1) the probate of a will, with or without administration of the estate;

(2) the issuance of letters testamentary and of administration;

(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;

(5) a claim arising from an estate administration and any action brought on the claim;

(6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate; and

(7) a will construction suit.

TEX.ESTATES CODE ANN. § 31.001 (West 2014).

*Appellants' Pleadings*

Appellants contend that the trial court erred by dismissing their suit because it is not a probate proceeding nor is it a matter related to the pending probate proceeding. Phillips and Powell argued in the trial court, and argue now on appeal, that Appellants' suit cannot be maintained in the district court because their claims are a matter related to the settlement, partition, or distribution of an estate, and therefore, the suit is a probate proceeding under Section 31.001(6). Each of

Appellants' causes of action must be examined to determine whether it is a probate proceeding or related to a probate proceeding.

### 1. Breach of Fiduciary Duty

In their first amended petition, Appellants allege that Phillips and Powell breached their fiduciary duties by:

(1) inducing the El Paso Heirs to sign contingent fee agreements for the sole purpose of taking money from the estate that legitimately belonged to the heirs;

(2) contracting for, charging, and receiving an unconscionable fee;

(3) preparing unconscionable fee agreements;

(4) taking a percentage of the distributions that the El Paso Heirs were entitled to receive;

(5) failing to disclose to the El Paso Heirs that they would lose 30% of their distributions to the lawyers regardless of the outcome of the will contest;

(6) contracting, charging for, and receiving fees they were not entitled to receive, including taking mineral interests, charging hourly fees in addition to the contingent fee agreements, and shifting taxes to Appellants in order to enhance their fees;

(7) representing Appellants in spite of a conflict of interest that was never disclosed;

(8) using threats, intimidation and false representations in an attempt to force Dolores Narvaez to sign a contract to sell the Karnes County ranch so Phillips and Powell could collect a $290,700 fee;

(9) falsely representing to Dolores Narvaez that the probate court had ordered her to sign the mineral deed;

(10) attempting to trick Dolores Narvaez into signing the mineral deed by including it in a stack of routine papers she was told to sign;

(11) presenting the mineral deed to the probate court with an order approving it even though the settlement agreement had not been prepared;

(12) preparing a written agreement that did not reflect the agreement made with the clients and attempting to intimidate them into signing it;

(13) preparing and filing a notice with an accounting attached that Appellants disputed and had instructed Powell not to file; and

(14) preparing and obtaining an order from the Probate Court approving the accounting after Powell had withdrawn from representation.

With respect to the breach of fiduciary duty claims, Appellants seek actual damages, punitive damages, and forfeiture of all fees received by Phillips and Powell in the past, present or future.

Appellants rely on *In re Hannah*, 431 S.W.3d 801 (Tex.App.--Houston [14th Dist.] 2014, orig. proceeding) in support of their argument that the Probate Court does not have jurisdiction of their claims. In *Hannah*, the decedent lived with the relator, Hannah, in Aransas County for twelve years prior to his death. *In re Hannah*, 431 S.W.3d at 804. She claimed that he executed wills in 2009 and 2010 and bequeathed $200,000 in cash and a vehicle. *Id.* In 2012, the decedent executed a new will that did not include any bequests to Hannah. *Id.* Under the 2012 will, the $200,000 in cash was split between the decedent's sons and the vehicle identified in the earlier wills was left to a family friend who occasionally did work for the decedent. *Id.* Following the decedent's death, the 2012 will was admitted to probate in the County Court at Law of Aransas County as a muniment of title. *Id.* at 805. Hannah did not contest the will. *Id.* She filed suit in district court in Harris County against the sons and family friend seeking to recover damages for tortious interference with inheritance, slander, and conspiracy. *Id.* The district court entered orders transferring venue of the suit to the County Court at Law of Aransas County, and Hannah filed a mandamus petition to challenge the orders. *Id.* The Fourteenth Court of Appeals held that the suit was not a "matter related to a probate proceeding" within the scope of Section 31.002 of the Estates Code. *Id.* at 809-10. The Court of Appeals focused on the nature of the damages sought, and held that because the suit sought damages which would, if awarded, be satisfied from the defendant's

individual asserts rather than from any property of the estate, the claims were not related to a probate proceeding. *Id.* at 809-811. Consequently, it conditionally granted mandamus relief in Hannah's favor.

We agree with *Hannah's* conclusion that the nature of the claims and the relief sought must be examined when determining whether the probate court has jurisdiction of a non-probate claim, but the instant case is factually distinguishable because Appellants are not seeking only monetary damages. They are seeking to recover distributions from the estate to the attorneys and to have conveyances of mineral interests to the attorneys declared void. *Hannah* is also distinguishable because it did not involve an ongoing probate proceeding. Further, *Hannah* did not concern an argument that the suit filed in the district court is a probate proceeding as defined in Section 31.001 of Estates Code. For these reasons, we conclude that *Hannah* is not controlling or dispositive of this case.

At the heart of Appellants' breach of fiduciary duty claim is their complaint regarding the fees charged by Phillips and Powell and distributed from the Estate to them. Appellants assert that those monies and mineral interests belonged to the Estate and never should have been distributed to the attorneys. Appellants seek to be made whole by having those fees recovered from Phillips and Powell and re-distributed to them. We conclude that the breach of fiduciary duty claim stated in the first amended petition is a probate proceeding because it is a matter related to the settlement, partition, or distribution of an estate. *See* TEX.ESTATES CODE ANN. § 31.001(6). The Probate Court No. 2 has exclusive jurisdiction of the breach of fiduciary duty cause of action.

### 2. Barratry

The first amended petition includes a cause of action alleging that the contingency fee contracts with the El Paso Heirs were procured as a result of barratry. The El Paso Heirs request

that the trial court void and rescind the fee agreements, and they seek to recover all fees and expenses paid under the contracts. As was the case with the breach of fiduciary duty claim, the barratry cause of action pertains to the legal fees distributed from the estate to Phillips and Powell. As such, it falls within the definition of a probate proceeding under Section 31.001(6) of the Estates Code, and the Probate Court No. 2 has exclusive jurisdiction of it.

### 3. Declaratory Relief

Appellants' first amended petition also seeks a declaration concerning the parties' rights, status, and obligations with respect to the fee agreements and the fees distributed from the Estate to Phillips and Powell. Appellants seek a declaration that:

(1) the fee agreements are unconscionable and void;

(2) that all fees, past and future, obtained by or sought by Phillips and Powell be returned to Appellants;

(3) that all mineral interests received by Phillips and Powell be returned and any conveyance of any mineral interests to Phillips and Powell be canceled and those interests distributed to Appellants; and

(4) that a constructive trust be imposed on the mineral interests and upon the assets of Phillips and Powell that were purchased with fees received from the El Paso Heirs.

By their declaratory judgment cause of action, Appellants seek to have those fees and mineral interests, which were distributed from the Estate to Powell and Phillips, returned and distributed to Appellants. Consequently, the cause of action is a probate proceeding because it is a matter related to the settlement, partition, or distribution of an estate. *See* TEX.ESTATES CODE ANN. § 31.001(6). Further, Appellants' allegations related to the conveyance of mineral interests to Phillips and Powell and their request to have those conveyances declared void and the property returned to Appellants can be characterized as an action involving trial of title to real property that is estate property. *See* TEX.ESTATES CODE ANN. § 31.002(a)(5)(West 2014). Consequently, it is

related to the pending probate proceeding. We conclude that the Probate Court No. 2 has exclusive jurisdiction of the declaratory judgment claim.

## 4. Negligence

Appellants allege that Phillips and Powell committed legal malpractice by failing to investigate the circumstances surrounding the execution of the 2008 and 2009 wills, failing to develop and provide viable defenses to the contest of the 2009 will, failing to develop testimony to defeat the will contest, and failing to contact the witnesses to the 2008 and 2009 wills. Appellants seek damages with respect to the legal malpractice claim. This claim cannot be characterized as a probate proceeding within the meaning of Section 31.001 or related to a probate proceeding as that term is defined by Section 31.002. *See* TEX.ESTATES CODE ANN. § 31.002 (West 2014). Further, the probate court does not have concurrent jurisdiction with the district court in a legal malpractice claim. *See* TEX.ESTATES CODE ANN. § 32.007 (West 2014)(providing that statutory probate court has concurrent jurisdiction with the district court in: (1) a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative; (2) an action by or against a trustee; (3) an action involving an inter vivos trust, testamentary trust, or charitable trust, including a charitable trust as defined by Section 123.001, Property Code; (4) an action involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate; (5) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and (6) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney).

A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy. TEX.ESTATES CODE ANN. § 32.001(b). In order for a probate

court to assert jurisdiction over matters incident to an estate, a probate proceeding must be pending in the court. *See Frost National Bank*, 315 S.W.3d at 506. That requisite is satisfied here. Typically, probate courts exercise ancillary or pendent jurisdiction when a close relationship exists between the non-probate claims and the claims against the estate. *See Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 294 (Tex.App.--Fort Worth 2004, no pet.), *citing Sabine Gas Trans. Co. v. Winnie Pipeline Co*., 15 S.W.3d 199, 202 (Tex.App.--Houston [14th Dist.] 2000, no pet.); *Goodman v. Summit at W. Rim, Ltd*., 952 S.W.2d 930, 933 (Tex.App.--Austin 1997, no pet.)(holding that probate court can exercise "ancillary" or "pendent" jurisdiction over a claim only if it bears some relationship to the estate). That is, probate courts exercise their ancillary or pendent jurisdiction over non-probate matters only when doing so will aid in the efficient administration of an estate pending in the probate court. *Shell Cortez Pipeline*, 127 S.W.3d at 294-95.

The legal malpractice claim is interwoven with and related to Appellants' breach of fiduciary duties, barratry, and declaratory judgment causes of action. It will aid in the efficient administration of the estate to have the Probate Court resolve these related claims. We therefore find that the Probate Court No. 2 has exclusive jurisdiction of the breach of fiduciary duty, barratry, and declaratory judgment claims, and it has authority to exercise pendent or ancillary jurisdiction over the legal malpractice claim. Issue One is overruled. Having overruled Issue One, we affirm the trial court's order dismissing Appellants' suit for lack of jurisdiction.

July 13, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.