

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00053-CV
_____

ROGER HAWES, TDCJ #712549, Appellant

V.

TAMMY E. HENDERSON PEDEN, AN INDIVIDUAL, TAMMY E. HENDERSON PEDEN,
PLLC, A CORPORATION, THE ESTATE OF TAMMY E. HENDERSON PEDEN, TANIKA
J. SOLOMON, AN INDIVIDUAL, AND TJ SOLOMON LAW GROUP, PLLC, A
CORPORATION, Appellees

On Appeal from the 369th District Court
Anderson County, Texas
Trial Court No. DCCV 18-630-369

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Roger Hawes appeals from an order dismissing his suit against the Estate of Tammy E. Henderson Peden (Peden Estate) and Tanika J. Solomon, among others, for breach of contract, fraud, and misrepresentation. The primary issue in this case is whether the 369th Judicial District Court of Anderson County[1] had jurisdiction over Hawes's claims. For the reasons stated herein, we conclude that the trial court properly dismissed the lawsuit.

## I.    Factual and Procedural Background

Hawes filed a petition in a district court in Anderson County alleging that, in April 2016, he paid $2,500.00 to Tammy Henderson Peden (Peden) and her law firm—Tammy E. Henderson Peden, PLLC (Peden, PLLC)—to represent his interests before the Texas Board of Pardons and Paroles (Parole Board).[2] Hawes claimed that when Peden unexpectedly passed away in April 2017, Tanika J. Solomon and TJ Solomon Law Group, PLLC (Solomon), contracted with him to fulfill Peden's legal representation of Hawes and that that obligation was not fulfilled. In response to Hawes's petition for breach of contract, fraud, and misrepresentation, Solomon filed a plea to the jurisdiction alleging that the petition was subject to the jurisdiction of the probate court in which Peden's estate was then being probated. The trial court agreed, finding that the Harris County Probate Court had exclusive jurisdiction over Hawes's claims, and dismissed the suit without prejudice to refiling in the proper court.

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Hawes is incarcerated in the Michaels Unit in Tennessee Colony, Texas.

In his pro se appeal from the order of dismissal, Hawes claims that the trial court erred in granting the plea to the jurisdiction because (1) his claims rose to the level of the trial court's jurisdiction, (2) Solomon's assumption of his legal representation negated the probate court's jurisdiction, (3) damages exceeded the probate court's statutory limits, (4) venue was mandatory in the county in which he was incarcerated, (5) the ex parte, unnoticed hearing without service of any pending motion caused Hawes to suffer an undue financial burden by subjecting him to additional filing fees, and (6) the basic tenets of due process required service of the motion and Hawes's presence at the hearing. Because we conclude that the trial court properly dismissed the lawsuit pursuant to Solomon's plea to the jurisdiction, we affirm the trial court's judgment.

## II.     Analysis

### A.     Standard of Review

"Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Unless a case involves "disputed evidence of jurisdictional facts that also implicate the merits of the case," we review questions of jurisdiction de novo. *Id*. "In deciding a plea to the jurisdiction, the trial court must determine if the plaintiff has alleged facts that affirmatively demonstrate its jurisdiction to hear the case." *Narvaez v. Powell*, 564 S.W.3d 49, 53 (Tex. App.—El Paso 2018, no pet.) (citing *Miranda*, 133 S.W.3d at 226). We construe pleadings liberally in favor of the pleader and accept the factual allegations in the pleadings as true. *Id*. When the pleadings affirmatively negate the existence of jurisdiction, "the trial court may grant the plea to the jurisdiction or the motion to dismiss without allowing the

3

plaintiff an opportunity to amend." *Id*. (citing *Miranda*, 133 S.W.3d at 226). "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Miranda*, 133 S.W.3d at 226.

## B. The Trial Court Did Not Err in Dismissing Hawes's Lawsuit

### 1. Probate Court Jurisdiction

At the time Hawes filed his petition in the trial court, the probate of the Peden Estate was pending in Probate Court No. 1 of Harris County. That is a statutory probate court. *See* TEX. GOV'T CODE ANN. § 25.1031(a). "In a county in which there is a statutory probate court, the statutory probate court has original jurisdiction of probate proceedings." TEX. ESTATES CODE ANN. § 32.002(c). "In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings . . . ." TEX. ESTATES CODE ANN. § 43.0059(a). "A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court." TEX. ESTATES CODE ANN. § 32.005(a).[3]

---

[3]Section 32.007 of the Texas Estates Code provides that a statutory probate court has concurrent jurisdiction with the district court in certain actions not applicable in this case. Those actions include

    (1)    a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative;
    (2)    an action by or against a trustee;
    (3)    an action involving an inter vivos trust, testamentary trust, or charitable trust, including a charitable trust as defined by Section 123.001, Property Code;
    (4)    an action involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate;
    (5)    an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and

The term "probate proceeding," as used in the Texas Estates Code, has been defined to include "an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent." TEX. ESTATES CODE ANN. § 31.001(4) (Supp.)[4]; *see* TEX. ESTATES CODE ANN. § 22.029 ("probate matter," "probate proceedings, "proceeding in probate," and "proceedings for probate" are synonymous and include matters or proceedings related to decedent's estate). "[A] matter related to a probate proceeding includes . . . an action for trial of the right of property that is estate property." TEX. ESTATES CODE ANN. § 31.002(a)(6), (c)(1) (defining matters "related to a probate proceeding").

## 2. Hawes's Petition

In his first three points of error, Hawes essentially claims that his case was properly filed in the district court notwithstanding the probate court action because his petition satisfies the statutorily required amount in controversy and because Solomon replaced Peden as his legal

---

      (6)      an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.
TEX. ESTATES CODE ANN. § 32.007.

[4]The full text of this section reads,
      The term "probate proceeding," as used in this code, includes:
      (1)      the probate of a will, with or without administration of the estate;
      (2)      the issuance of letters testamentary and of administration;
      (3)      an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;
      (4)      an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;
      (5)      a claim arising from an estate administration and any action brought on the claim;
      (6)      the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate;
      (7)      a will construction suit; and
      (8)      a will modification or reformation proceeding under Subchapter J, Chapter 255.
TEX. ESTATES CODE ANN. § 31.001.

counsel.[5]  We turn to Hawes's petition to determine whether it is a probate proceeding or related to a probate proceeding.

Hawes's petition named Peden, Peden, PLLC, the Peden Estate, and Solomon, alleging that Tammy E. Henderson Peden and her law firm contracted to perform various legal services for Hawes, including representation before the Parole Board.  Hawes alleged that he paid Peden $2,500.00 to perform the referenced legal services.  Hawes further alleged that after Peden passed away on April 18, 2017, he entered into a contract with Solomon, who "assumed the responsibilities and contracted services of . . . Peden."  Solomon thereafter allegedly failed to provide any of the assumed legal services, and Hawes was denied parole in June 2017.  Hawes maintained that Solomon fraudulently represented that she had prepared and presented a parole plan to the Parole Board but that no such plan was prepared or presented.  Solomon is then alleged to have withdrawn from Hawes's representation in December 2017.  As a result, Hawes claimed that Solomon breached the contract for legal representation.

In addition, Hawes alleged that Peden, Peden PLLC., and the Peden Estate "breached the contract for legal services by failing to provide the contracted services, and or refunding the original amount of the contract in the amount of $2,500.00 to Roger Hawes."  Hawes claimed that Peden, Peden, PLLC, and the Peden Estate were "liable in the amount of the original contracts:  1. $2,500.00 to Roger Hawes."[6]  Hawes also claimed that Solomon was liable for compensatory

---

[5]These points of error were not briefed separately.

[6]In her verified plea to the jurisdiction, Solomon alleged, among other things, that in April 2016, Hawes entered into a contract for legal representation before the Parole Board with Peden and her law firm.  Solomon further alleged that Peden died in April 2017 and that "the probate of the Estate of Tammy E. Henderson Peden is currently pending in Cause No. 4858002, in the Probate Court Number 1, Harris County, Texas."  Solomon further alleged that "a cause

6

damages in the amount of $2,500.00, and that Solomon, and the Peden Estate were liable for damages for pain, suffering, emotional distress, and continued incarceration.[7]

Hawes's petition alleges that Peden breached her contract with him and that the Peden Estate is liable for compensatory damages in the amount of $2,500.00 and is further liable for damages for pain, suffering, emotional distress, and continued incarceration. Hawes seeks damages against the Peden Estate that would, if awarded, be satisfied from property of the estate. *See, e.g.*, *In re Hannah*, 431 S.W.3d 801, 809–810 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (because suit sought damages which would be satisfied from defendant's individual assets rather than from estate property, claims were not related to probate proceeding); *Narvaez*, 564 S.W.3d at 56 (holding that nature of claims and relief sought are to be examined when determining probate court jurisdiction).

Because the petition names Peden's estate as a defendant and seeks damages directly from the estate, the petition is properly classified as a matter related to the probate proceeding. *See* TEX. ESTATES CODE ANN. § 31.002(a)(6), (c)(1) (matter related to probate proceeding includes disputes over ownership of estate property). As such, the trial court was correct to dismiss the lawsuit because the Harris County Probate Court No. 1 had exclusive jurisdiction over this matter. We overrule Hawes's first three points of error.

---

of action similar to this case is also pending in Cause No. 458002-401, Tanika J. Solomon v. The Estate of Tammy E. Peden, Terry Peden Individually and As Administrator, and Bobbi Lynn Blackwell, in the Probate Court Number 1, Harris County, Texas."

[7]Donald Durbin and Anthony Fomby were also plaintiffs in the lawsuit. The combined damages asserted against all defendants by all plaintiffs was $115,600.00.

### III. Anderson County Venue

Hawes relies on Section 15.019 of the Texas Civil Practice and Remedies Code in support of his argument that his lawsuit against was required to be filed in Anderson County. Section 15.019 provides, "Except as provided by Section 15.014, an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." TEX. CIV. PRAC. & REM. CODE ANN. § 15.019(a). This provision pertains to venue rather than subject-matter jurisdiction.

While "[s]ubject-matter jurisdiction refers to the court's power to hear a particular type of suit," venue "refers to the propriety of prosecuting, in a particular form, [sic] a suit on a given subject matter with specific parties, over which the forum must, necessarily, have subject-matter jurisdiction." *Scott v. Gallagher*, 209 S.W.3d 262, 264 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) "Venue pertains solely to where a suit may be brought and is a different question from whether the court has jurisdiction of the property or thing in controversy." *Id*. (citations omitted). "Moreover, unlike subject-matter jurisdiction, which may be challenged at any time, venue may be waived if not challenged in due order and on a timely basis." *Id*.; *see Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 585 n.8 (mandatory venue provisions of Chapter 15 not jurisdictional and can be waived). Because Section 15.019 is a venue statute, it does not impact our analysis of subject-matter jurisdiction. And, we have determined that the Anderson County district court did not have subject-matter jurisdiction. We overrule this point of error.

8

## IV. Hawes's Final Points of Error are Without Merit

We address Hawes's final two points of error together since they are both premised on the following assertions: (1) Hawes was not served with the jurisdictional plea, (2) Hawes did not receive notice of the hearing on the jurisdictional plea, and (3) Hawes was not permitted to be present at the hearing on the jurisdictional plea. Based on these assertions, Hawes claims that his due process rights were violated and that he incurred undue financial hardship by incurring an additional filing fee. The record reflects that these assertions are incorrect.

Solomon's plea to the jurisdiction was filed on November 26, 2018. The certificate of service indicated that this pleading was served via first class mail on "Mr. Roger Hawes, TDCJ #712549, 2664 FM 2054 Michael Unit, Tennessee Colony, TX 75886." Service by mail to Hawes at the listed address[8] complied with Rule 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a.

On February 4, 2019, the Anderson County District Clerk notified Hawes by letter—mailed to the same address listed on the certificate of service above—that "the above style [sic] and numbered cause [had] been set for PLEA TO JURISDICTION on the 6th day of March, 2019[,] at 10:00 AM, IN THE ANDERSON COUNTY COURTHOUSE, PALESTINE, TEXAS." Also on February 4, 2019, a file-marked document entitled "Notice of Submission" and prepared by Solomon was mailed to Hawes with a Rule 21a-compliant certificate of service, stating,

> You are advised that Defendant's Special Appearance will be submitted to the Court on Wednesday, March 6, 2019, at 10:00 a.m. in the above listed Court. No

---

[8]Hawes identified his TDCJ number in his complaint as 712549 and listed his address as "Michaels Unit, 2664 FM 2054, Tennessee Colony, TX 75886."

> oral hearing will be heard on this Special appearance unless you request one from the court and the court sets a date for oral hearing.

Nothing in the record indicates that the trial court set a date for an oral hearing on the jurisdictional plea. The record only indicates that the jurisdictional plea was submitted to the court for decision on March 6, 2019.

Because the record indicates that Hawes was properly served with the plea to the jurisdiction and was further properly notified of the date of submission—with no oral hearing having been conducted—we conclude that his final two points of error are without merit.

## V.     Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     October 24, 2019
Date Decided:       December 16, 2019

10