

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00445-CV

**IN THE ESTATE OF JOANNE COOKSEY FRIEND**, Deceased

From the County Court, Uvalde County, Texas
Trial Court No. 6904-16
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: October 22, 2025

REVERSED AND REMANDED

Appellant Sarah Friend Neutze appeals the trial court's order granting appellees Wayne and Betty Boyce's plea to the jurisdiction. The plea involves a claim that the Boyces took an interest in real property, as the transferees, in contravention of the Texas Uniform Fraudulent Transfer Act (TUFTA). *See* TEX. BUS. & COM. CODE §§ 24.001–.013. After considering oral argument and reviewing the record and the parties' briefing, we reverse the trial court's order granting the plea to the jurisdiction and remand for further proceedings.

**BACKGROUND**

**Initial Probate Proceeding**

Prior to her death, Decedent Joanne Cooksey Friend signed a will leaving her entire estate to one of her daughters, Suzanne Friend Johnston, making no provision for her other daughter, Sarah Friend Neutze. She also conveyed hundreds of acres via gift deeds to Johnston. After Decedent's death, the will was admitted to probate in the constitutional county court for Uvalde County and Johnston was appointed executor of the estate.

In the probate proceeding, Neutze argued that the will and four gift deeds were void as the product of undue influence, alleging Johnston isolated Decedent as her mental state deteriorated and told Decedent false negative stories about Neutze. In response to a motion by Johnston for assignment of a statutory probate judge to hear the entire proceeding, the trial court ordered that a former statutory probate judge be "assigned to hear all matters in the above-referenced cause with all rights, powers and privileges held by the regular judge of the court assigned and the attendant jurisdiction of a Statutory Probate Court."[1]

Following a trial in which the jury found in favor of Neutze, finding undue influence, the trial court rendered judgment setting aside the will and three gift deeds. Johnston appealed, and we affirmed the trial court's judgment. *See Estate of Friend*, No. 04-18-00714-CV, 2020 WL 806654, at *4 (Tex. App.—San Antonio Feb. 19, 2020, pet. denied). Because the will was voided,

---

[1] Because Uvalde County has no statutory court having probate jurisdiction, all probate matters must be filed in the constitutional county court. *In re Estate of Mask*, 2008 WL 4595027, at *16 (Tex. App.—San Antonio Oct. 15, 2008, pet. denied); TEX. ESTATES CODE § 32.002(a) ("In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of probate proceedings."). In such a county, when a matter is contested and an appropriate motion is made, the county court shall "request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code." TEX. ESTATES CODE § 32.003(a). A statutory probate court judge so assigned has the jurisdiction and authority granted to a statutory probate court by the Estates Code. TEX. ESTATES CODE § 32.003(e); TEX. GOV'T CODE § 25.0021(b)(1). Thus, the assigned judge in this case presided over this matter with the full jurisdiction and authority of a statutory probate court.

Decedent effectively died intestate. And, on December 1, 2023, Johnston was removed as executor for the Estate.

**Additional Claims Against Johnston**

Separate and apart from the estate property that was the subject of the voided gift deeds was a valuable sixty-seven-acre tract of river-front property in Real County ("the Tract"). Johnston, Neutze, and the Estate owned undivided interests in the Tract as tenants in common. Johnston had received her 28/67 undivided interest in the Tract through a series of *inter vivos* transfers from her mother between 2004 and 2007, transfers which Neutze has never challenged.

In December 2021, two years before Johnston was removed as executor of the Estate and while she was acting as the Estate's personal representative, Johnston sold her undivided interest in the Tract to Wayne and Betty Boyce. Neutze claims the sale of Johnston's undivided interest in the Tract violated the Texas Uniform Fraudulent Transfers Act ("TUFTA"). TEX. BUS. & COM. CODE §§ 24.001–.013. Specifically, Neutze brought a TUFTA claim, naming Johnston as the transferor and the Boyces as the transferees, in the estate administration proceeding alleging as follows:

> Johnston and the Boyces actually or constructively violated the Texas Uniform Fraudulent Transfers Act, TEX. BUS, & COM. CODE §24.001 *et seq*. ("TUFTA") by fraudulently transferring Johnston's co-tenancy interest in the Real County Property to the Boyces. The Boyces were aware of the litigation between Applicant and Johnston as to the Estate as a result of their prior business dealings with Johnston. The Boyces knew or should have known that: (a) Johnston claimed to be the Executor to the Estate; (b) Johnston held her interest in the Real County Property [the Tract] in a co-tenancy with the Estate and Applicant; (c) transferring the property so held would significantly devalue the Estate's and Applicant's interests in the property and put it at heightened risk of partition; and (d) transferring the property would be a breach of Johnston's fiduciary duties to the Estate.

> On information and belief, Johnston did not receive reasonably equivalent value in exchange for the transfers. On information and belief, Johnston's transfer of the Real County Property to the Boyces resulted in her having insufficient assets to pay

the Estate and/or Applicant the amounts owed to them as a result of Johnston's unlawful actions described above now that Johnston's co-tenancy interest in the Real County Property has been sold. The Boyces had actual or constructive knowledge of the Estate's and Applicant's co-tenancy interests, as well as the fact that the Real County Property was part of the Estate in litigation between Applicant and Johnston before and at the time of the transfer.

Neutze contends Johnston's transfer was fraudulent and constituted a breach of her fiduciary duties owed to the Estate and to Neutze in her role as the Estate's personal representative. Neutze seeks, as relief for her TUFTA claim, an injunction precluding the further transfer of the property, the voidance of the General Warranty Deed from Johnston to the Boyces and the placement of the Boyces' ownership interest in the Tract into a constructive trust.

The Boyces filed a plea to the jurisdiction contesting the trial court's subject matter jurisdiction over the claims filed against them by Neutze. The trial court granted the Boyces' plea and severed Neutze's claims against the Boyces into a separate cause, making the order granting the plea final and appealable. Neutze appeals the trial court's order, arguing in her sole issue on appeal that the trial court erred in granting the Boyces' plea to the jurisdiction.

DISCUSSION

**Standard of Review**

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We review a trial court's order granting or denying a plea to the jurisdiction de novo. *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). When reviewing such an order, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Id.* When a plea to the jurisdiction challenges the pleadings, we must determine if the plaintiff carried her burden to plead "facts that affirmatively demonstrate the court's jurisdiction to hear the case."

*Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). In doing so, we construe the pleadings liberally in favor of the plaintiff and consider the pleader's intent. *Id.* In fact, we must accept as true the factual allegations made in the plaintiff's pleadings. *Miranda*, 133 S.W.3d at 226, 228; *see also Saenz v. Saenz*, 49 S.W.3d 447, 449 (Tex. App.—San Antonio 2001, no pet.).

**The Scope of the Probate Court's Jurisdiction**

A statutory probate court is one of limited jurisdiction. *In re United Services Automobile Association*, 307 S.W.3d 299, 302-03 (Tex. 2010). Courts that have probate jurisdiction can take jurisdiction over two types of matters: "probate proceedings" and "matters related to a probate proceeding." TEX. ESTATES CODE §§ 31.001 and 31.002; *see also* TEX. ESTATES CODE § 32.001(a). A "probate proceeding" includes many actions involved in administering an estate including "any other matter related to the settlement, partition, or distribution of an estate." TEX. ESTATES CODE § 31.001(6). Under section 31.002, "a matter related to a probate proceeding" include:

(1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;
(2) an action against a surety of a personal representative or former personal representative;
(3) a claim brought by a personal representative on behalf of the estate;
(4) an action brought against a personal representative in the representative's capacity as personal representative;
(5) an action for trial of title to real property that is estate property, including the enforcement of a lien against the property; and
(6) an action for trial of the right of property that is estate property.

TEX. ESTATES CODE § 31.002(a). For a court acting with the full jurisdiction and authority of a statutory probate court, it can also interpret and administer testamentary or inter vivos trusts and assume jurisdiction of "any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative." TEX. ESTATES CODE § 31.002(b) and (c). A statutory probate court may also "exercise pendent and

ancillary jurisdiction as necessary to promote judicial efficiency and economy." TEX. ESTATES CODE § 32.001(b).

**Scope of Our Review and the Character of Neutze's TUFTA Claim**

First, we cannot address the jurisdictional question posed by this case in a vacuum, looking only to allegations made against the Boyces. Instead, we must also consider the allegations made by Neutze against Johnston to truly understand and characterize the TUFTA claim and to determine whether Neutze alleged "facts that affirmatively demonstrate the court's jurisdiction to hear the case." *See Meyers*, 548 S.W.3d at 486.

The Boyces seem to contend that there are two TUFTA claims, one against Johnston and one against the Boyces.[2] But, there is just one TUFTA claim:

> To prove a transfer was fraudulent and void the transfer under the Act, a claimant must show: (1) he is a creditor, meaning he has a claim against the debtor; (2) the creditor's claim arose before or within a reasonable time after the debtor transferred the assets; and (3) the transfer was made with the "actual intent to hinder, delay, or defraud the creditor." *See Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 204–05 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see also* TEX. BUS. & COM. CODE § 24.005(a)(1) (transfer by debtor is fraudulent as to creditor, whether creditor's claim arose before or within reasonable time after transfer was made, if debtor made transfer "with actual intent to hinder, delay, or defraud" creditor).

*Estate of Ewers*, 695 S.W.3d 603, 643 (Tex. App.—Houston [1st Dist.] 2024, no pet.), reh'g granted (Jan. 30, 2024). Neutze alleges that she is a creditor and Johnston is a debtor under TUFTA because Neutze has asserted claims for damages against Johnston for actions taken "as Decedent's personal representative," including but not limited to the sale of her interest in the Tract. Neutze alleges in her TUFTA claim that Johnston fraudulently transferred her undivided interest in the Tract to the Boyces in breach of her fiduciary duty as an executor of her mother's estate. As part

---

[2] Notably, the plea to the jurisdiction at issue here involves only the Boyces, as transferees, with the TUFTA claim against Johnston as the transferor still pending in the probate proceeding.

of that claim, Neutze seeks an injunction precluding further transfer of the property, voidance of the General Warranty Deed from Johnston to the Boyces and placement of the undivided interest into a constructive trust. *See* TEX. BUS. & COM. CODE § 24.008(a) (listing forms of relief available for fraudulent transfer under TUFTA).

To succeed on her TUFTA claim, Neutze must show *both* that Johnston made a fraudulent transfer with the intent to hinder, delay or defraud Neutze as an heir to the Estate *and* that the Boyces did not take the property "in good faith and for reasonably equivalent value." TEX. BUS. & COM. CODE §§ 24.005 and 24.009(a); *Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 129 (Tex. 2019). "[A] determination of liability under TUFTA is a two step process: first, a finding that a debtor made an actual fraudulent transfer or a constructive fraudulent transfer; and, second, recovery for that fraudulent transfer, or its value, from the transferees." *Wiemer v. Wiemer*, No. 05-17-00370-CV, 2018 WL 3829268, at *3 (Tex. App.—Dallas Aug. 13, 2018, no pet.) (quoting *Tow v. Amegy Bank N.A.*, 498 B.R. 757, 767 (S.D. Tex. 2013)).[3] For that reason, to determine whether there is jurisdiction to adjudicate the TUFTA claim as to the Boyces we must look to whether the TUFTA claim, in its entirety, falls within the jurisdictional scheme for statutory probate courts.

In her TUFTA claim, Neutze alleges Johnston sold her undivided interest in the Tract in an attempt to insulate herself from liability on other claims still pending against her in the probate proceeding relating to actions she took as a personal representative of the Estate. Neutze also contends the transaction was not disclosed and that, in fact, Johnston and the Boyces concealed

---

[3] Notably, a transferee is a necessary party to a TUFTA claim against the transferor. *See Wiemer*, 2018 WL 3829268, at *3; *In re Glast, Phillips & Murray, P.C.*, No. 05-20-00557-CV, 2020 WL 6696371, at *5 (Tex. App.—Dallas Nov. 12, 2020, no pet.) ("Because GPM seeks to enjoin [the transferee] under TUFTA from further disposition of the assets allegedly transferred, we conclude that [the transferee] is a necessary party to GPM's fraudulent transfer claims, and the trial court abused its discretion in severing GPM's claim against him."); *In re Texas Educ. Agency*, 442 S.W.3d 753, 755 (Tex. App.—Austin 2014, orig. proceeding) (noting that a petition seeking injunctive relief should name as party defendants all those against whom the injunction must run and whose interests will be injuriously affected in order to make it effective).

the transfer with the intent to "hinder, delay, or defraud" the Estate and heirs. *See* TEX. BUS. & COM. CODE § 24.005(a)(1) (transfer by debtor is fraudulent as to creditor if debtor made transfer "with actual intent to hinder, delay, or defraud" creditor). Neutze alleges Johnston did not receive "reasonably equivalent value in exchange" for the property from the Boyces and that, as a result, the transfer was an attempt to insulate her from liability for "the amounts owed to them as a result of Johnston's unlawful actions" as the Estate's personal representative. *See* TEX. BUS. & COM. CODE § 24.005(b)(8) (factors to establish intent include whether value of consideration received by debtor was "reasonably equivalent to the value of the asset transferred").

Neutze also contends in her TUFTA claim Johnston breached her fiduciary duties as Estate executor[4] when she "intentionally sold her interest in a valuable tract of land in Real County, owned in co-tenancy with the Estate and Applicant, to an outside third party, thus severely devaluing the property, as well as subjecting such property to possible partition." Regarding the threat of partition, Neutze alleges the transfer of Johnston's interest goes against Decedent's wishes that "the ranch remain in the family" and that Decedent "didn't want anything to happen to that land that might put it in danger of not being in the family," citing us to testimony in the appellate record in the previous appeal, *Estate of Friend*, No. 04-18-00714-CV, 2020 WL 806654 (Tex. App.—San Antonio Feb. 19, 2020, pet. denied).

**Jurisdiction as a "Probate Proceeding"**

We have recognized that the appropriate question to ask, when determining whether a matter is a "probate proceeding" under Texas Estates Code section 31.001, is whether the

---

[4] Neutze alleges that, during her time as Decedent's personal representative, she violated her fiduciary duties including the "duty of loyalty and utmost good faith, a duty of candor, a duty to refrain from self-dealing, a duty to act with integrity of the strictest kind, a duty of fair and honest dealing, and a duty of full disclosure." *See Harrison v. Reiner*, 607 S.W.3d 450, 462 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (an estate's personal representative owes fiduciary duties of good faith, fair dealing, and full disclosure to the estate and its heirs).

"controlling issue in the suit is settlement, partition, or distribution of an estate." *Johnson v. Johnson*, No. 04-19-00500-CV, 2020 WL 214762, *3 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (holding no probate jurisdiction existed where tort claim did not relate to actions taken in administering the estate) (quoting *In re SWEPI, L.P.*, 85 S.W.3d 800, 805 (Tex. 2002) and citing *In re Kholaif*, No. 14-18-00825-CV, 2018 WL 5832899, at *2 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *see, e.g., In re Graham*, 971 S.W.2d 56 (Tex. 1998) (holding probate jurisdiction existed with regard to divorce proceeding that involved a claim for child support to be paid from the estate "because it directly impacted the assimilation, distribution, and settlement of his estate"); *In re Campbell*, —— S.W.3d ——, 2025 WL 2247544, *4 (Tex. App.—Eastland Aug. 7, 2025, no pet. h.) (failing to find probate jurisdiction over a third party's claim of adverse possession of previously estate owned property because the subject of the claim was unrelated to the prior administration of the estate). In determining jurisdiction, we must examine the nature of the claims made and the relief sought. *Narvaez v. Powell*, 564 S.W.3d 49, 56 (Tex. App.—El Paso 2018, no pet.) (recognizing probate jurisdiction for claims against attorneys who owed fiduciary duties to the estate for allegedly unconscionable fees charged and mineral interests transferred during the administration).

Looking to Neutze's claims, she alleges Johnston fraudulently transferred her interest in the Tract with the intent to "hinder, delay, or defraud" the Estate and heirs. Further, she alleges the transfer was made in violation of the fiduciary duties she owed as a personal representative of the Estate, resulting in the devaluation of the Estate's undivided interest in the same Tract, subjecting the Estate's interest in the Tract to partition by a third party against Decedent's expressed wishes, and seeking to insulate herself from liability for damages arising from her mishandling of other Estate property. Thus, when she sold her undivided interest in the land to the Boyces, Johnston

altered the character, usage, and—according to Neutze's allegations which we must take as true— the value of the Estate's real property interest in the Tract. Further, she also promised to convey to the Boyces any property she would later inherit from the Estate, including any portion of the Estate's undivided interest in the Tract. By doing so, she placed the settlement, partition, or distribution of the Estate squarely within the conditions of the agreement Neutze seeks to cancel.

The relief sought is focused on placing the Estate back into the position it was in prior to the transfer so that an appropriate settlement of the Estate can be made between the sisters. Given the Estate's interest in the Tract still needs to be divided among the heirs, and given that the resolution of the TUFTA claim will either place both the Estate and Neutze back in the position they were in before the sale or result in the ultimate partition of the Tract, the claim and the relief sought directly relate to "the settlement, partition, and distribution" of the Estate. *See* TEX. ESTATES CODE 31.001(6).

The Boyces contend that because the undivided interest in the Tract transferred to them by Johnston was never an Estate asset, there can be no jurisdiction under any theory. But Johnston's actions with regard to her own undivided interest directly impacted the interest owned by the Estate, and the resolution of Neutze's TUFTA claim will likewise impact the Estate. *See id.* Thus, the fact that the Boyces' interest was never an Estate asset does not preclude probate jurisdiction.

The Boyces rely on *Estate of Rushing*, 644 S.W.3d 383 (Tex. App.—Tyler 2022, pet. denied). But, *Rushing* involved a dispute over the proceeds of a life insurance policy, specifically whether an ex-wife could be paid as the beneficiary, an issue which is wholly outside of any issue of probate and involves a nontestamentary transfer of a nonprobate asset. *Id*. at 385-86 (citing TEX. ESTATES CODE 111.054(c)).

Here, while Johnston held her interest in the Tract independently, she did so owing fiduciary duties to her co-tenants as a result of her role as personal representative of the Estate, which also has an interest in the Tract. *See Harrison v. Reiner*, 607 S.W.3d 450, 462 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (an estate's personal representative owes fiduciary duties to the estate and its heirs); *see also Scott v. Struggs*, 836 S.W.2d 278, 282 (Tex. App.—Texarkana 1992, writ denied) (recognizing a special relationship between cotenants can alter the duties they owe each other with regard to the land).

The idea that tenants in common hold independent title to their interest in land is already somewhat of a legal fiction in that cotenants, while holding independent title to a percentage of the *physically undivided land*, actually retain the right to possess, use and enjoy the *entire Tract*. *See Tenancy*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "tenancy in common" as "[a] tenancy by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property but no right of survivorship"); Thomas F. Bergin & Paul G. Haskell, *Preface to Estates in Land and Future Interests* 54 (2d ed. 1984) ("The central characteristic of a tenancy in common is simply that each tenant is deemed to own by himself, with most of the attributes of independent ownership, a physically undivided part of the entire parcel."). That legal fiction is even more fictive, and the relationship between cotenants' interests more codependent, when fiduciary duties come into play.[5] Thus, while Johnston transferred only her own undivided interest, we cannot ignore the direct impact the transfer had on the value and character of the Estate's asset, and the impact that resolution of Neutze's claim will have on the Estate.

---

[5] We do not intend to suggest that Johnston was precluded from selling her interest in the Tract merely because she was the Estate executor. Instead, we simply conclude that Neutze alleges facts showing her TUFTA claim impacts the Estate to such an extent that the "controlling issue in the suit is settlement, partition, or distribution of an estate." *Johnson*, 2020 WL 214762, at *3.

Based on the allegations before us, we hold probate jurisdiction exists as a "probate proceeding" under Texas Estates Code section 31.001(6). Because we so hold, we need not address the parties' other arguments relating to other grounds for jurisdiction. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's May 22, 2024 order granting appellees Wayne and Betty Boyce's plea to the jurisdiction and the trial court's June 6, 2024 order granting their motion for severance,[6] and we remand for further proceedings consistent with this opinion.

Lori Massey Brissette, Justice

---

[6] "[S]everance of a single cause of action into two parts is never proper." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 822 (Tex. 2024) (quoting *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 79 n.1 (1959)). "Similarly, severance of two or more causes of action involving the same facts and issues is improper." *Id.*